UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| LORRAINE GEE, a Resident of Blue Hill, Hancock County, State of Maine, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) 1:24-CV-_____ |
| BAR HARBOR WHALE WATCH CO., a Maine corporation with offices in Bar Harbor, Hancock County, State of Maine, | )<br>)<br>)<br>)<br>)<br>) |
| Defendant. | )<br>) |

## **COMPLAINT AND DEMAND FOR JURY TRIAL—IN ADMIRALTY**

NOW COMES Plaintiff Lorraine Gee, through her counsel at Kelly, Remmel & Zimmerman, and complains as follows:

### **General Allegations Applicable to All Counts**

1. This Complaint arises under the Court's general admiralty jurisdiction, 28 U.S.C. § 1333, and under the Jones Act, 46 U.S.C. § 30104.

2. Plaintiff Lorraine Gee (hereinafter "Plaintiff" and/or "Ms. Gee") is a resident of the Town of Blue Hill, Hancock County, State of Maine.

3. Defendant Bar Harbor Whale Watch Co. (hereinafter "BHWWC"), is a business corporation incorporated in the State of Maine with principal offices in the Town of Bar Harbor, Hancock County, State of Maine.

4. At all times relevant to this action, Plaintiff Lorraine Gee was employed by Defendant BHWWC and acting in the course of her employment.

5. In the course and scope of her employment for Defendant BHWWC, Plaintiff served on various vessels owned and/or operated by Defendant BHWWC.

6. On December 27, 2021, while acting in the course and scope of her employment for Defendant BHWWC, Plaintiff was painting the exterior and roof of commercial vessel MISS SAMANTHA.

7. At the time of the incident complained of in this action, the vessel MISS SAMANTHA was a "vessel" for purposes of the Jones Act and the general maritime law of unseaworthiness.

8. At all times relevant to this action, Defendant owned and/or operated MISS SAMANTHA (hereinafter "the Vessel").

9. At the time of the incident complained of in this action, Plaintiff Lorraine Gee was a "seaman" for purposes of the Jones Act and the general maritime law of unseaworthiness.

10. On December 27, 2021, Plaintiff fell while attempting to descend from the Vessel's rooftop to the Vessel's deck.

11. Plaintiff suffered physical injuries, including but not limited to fractures of at least three lumbar vertebrae, hematuria, back pain, and right-sided pain including her hip and leg.

12. Plaintiff's injuries were incurred while in the service of the commercial vessel MISS SAMANTHA and/or the within the scope and course of her employment with Defendant BHWWC.

13. Plaintiff's injuries were not the result of any culpable misconduct by the Plaintiff.

14. Plaintiff received incident-related medical treatment from ConvenientMD, Maine Coast Hospital, Eastern Maine Medical Center, Mount Desert Island Hospital, Coastline Physical Therapy and Performance, among other medical providers.

15.     Plaintiff experienced and continues to experience pain and suffering as a result of her injuries.

16.     Plaintiff incurred medical bills as a result of the medical treatment she received.

17.     As a result of the incident, Plaintiff has permanent disfigurement and/or permanent impairments.

18.     While Plaintiff's claim was pending and while she continued to undergo accident-related medical treatment and recover from her accident-related injuries, Defendant abruptly terminated Plaintiff as an employee in November or December of 2022.

19.     Plaintiff missed work as a result of her injuries and treatment, and will not be able to return to work with Defendant or Plaintiff's prior industry(ies) as a result of her permanent impairments and/or limitations. Plaintiff therefore incurred a loss of earnings.  Plaintiff will also suffer a loss of future earning capacity as a result of her injuries.

20.     On or about December 27, 2021, while performing duties as an employee for Defendant BHWWC, Plaintiff Lorraine Gee suffered the following injuries and damages: (a) serious, painful and permanent physical injuries; (b) physical and/or mental pain and suffering; (c) emotional distress; (d) permanent impairment; (e) lost earnings; (f) loss of earning capacity; and (g) other damages.

## Count I: Jones Act Negligence

21.     Plaintiff Lorraine Gee incorporates by reference paragraphs 1 through 20 of this Complaint into Count I.

22.     At the time of her injuries, Plaintiff was a BHWWC employee and crewmember onboard Defendant's vessel MISS SAMANTHA.

23.     At the time of her injuries, Plaintiff met the requirement for status as a Jones Act seaman.

24. As Defendant BHWWC is or was Plaintiff's employer at the time of her injuries, Defendant BHWWC is a proper defendant to a Jones Act claim for negligence. 46 U.S.C. § 30104.

25. As described above, the injuries and damages suffered by Plaintiff were caused by negligence on the part of the Defendant BHWWC in at least the following particulars: failing to provide Plaintiff with a safe place to work; failing to provide proper methods, footing, safety equipment, and/or procedures to prevent falls and injuries like those suffered by Plaintiff when descending from the Vessel's wheelhouse roof to the Vessel's deck; and failing to instruct employees on safe procedures for rooftop painting and/or traversing between the Vessel's wheelhouse roof and the Vessel's deck.

26. As the proximate result of any or all of the foregoing negligent acts and omissions, Plaintiff Lorraine Gee suffered the personal injuries and damages described above.

WHEREFORE, Plaintiff Lorraine Gee demands judgment against Defendant Bar Harbor Whale Watch Co. in a fair and reasonable amount given the above-described injuries and damages along with pre-judgment interest, post-judgment interests, and costs.

## Count II: Unseaworthiness

27. Plaintiff Lorraine Gee incorporates by reference paragraphs 1 through 26 of this Complaint into Count II.

28. Defendant BHWWC, as owner of the Vessel, owes a non-delegable duty of providing a reasonably safe vessel to all employees and/or crewmembers.

29. As described above, the injuries and damages suffered by Plaintiff are the result of an unseaworthy condition of the Vessel owned and operated by Defendant BHWWC in at least the following particulars: failing to provide a safe workspace; failing to provide proper methods, footing, safety equipment, and/or procedures to prevent falls and injuries like those suffered by

Plaintiff when descending from the Vessel's wheelhouse roof to the Vessel's deck; and failing to instruct employees on safe procedures for rooftop painting and/or traversing between the Vessel's wheelhouse roof and the Vessel's deck.

30. As the proximate result of any or all of the foregoing unseaworthy conditions, Plaintiff suffered the personal injuries and damages described above.

WHEREFORE, Plaintiff Lorraine Gee demands judgment against Defendant Bar Harbor Whale Watch Co. in a fair and reasonable amount given the above-described injuries and damages along with pre-judgment interest, post-judgment interests, and costs.

### Count III: Maintenance & Cure

31. Plaintiff Lorraine Gee incorporates by references paragraphs 1 through 30 of this Complaint into Count III.

32. At the time of the above-described injuries suffered by Plaintiff, Plaintiff was employed by Defendant BHWWC at least in part as a crewmember providing work aboard and/or in the service of a fleet of vessels owned and operated by Defendant BHWWC, including but not limited to MISS SAMANTHA.

33. As a result of the above-described injuries suffered by Plaintiff Lorraine Gee, she is entitled to maintenance at a rate equal to that of her actual and reasonable living expenses from the date of her injury until she reaches the point of maximum medical improvement.

34. As a result of the above-described injuries suffered by Plaintiff Lorraine Gee, she is entitled to cure from the date of her injury until she reaches the point of maximum medical improvement.

WHEREFORE, Plaintiff Lorraine Gee demands judgment against Defendant Bar Harbor Whale Watch Co. in a fair and reasonable amount to pay maintenance and cure owing at the time of trial, together with interest, costs, legal fees and punitive damages to the extent support by law.

*See, e.g., Vaughan v. Atkinson*, 369 U.S. 527 (1962), *Atlantic Sounding Co., Inc. v. Townsend*, 557 U.S. 404 (2009).

## **Count IV: Wrongful, Improper and/or Retaliatory Discharge**

35. Plaintiff Lorraine Gee incorporates by references paragraphs 1 through 34 of this Complaint into Count IV.

36. At the time of the above-described injuries suffered by Plaintiff, Plaintiff was a full-time employee of Defendant BHWWC with benefits, including but not limited to health insurance.

37. Approximately one year after her injury, while still recovering and undergoing accident-related medical treatment, and within days of giving birth to her child, Plaintiff suddenly and unexpectedly received a letter from the health insurance plan administrator dated December 15, 2022, informing Plaintiff that "[h]er coverage under the Plan will end of 11/30/2022 due to End of employment (involuntary)."

38. As a result of the abusive firing, Plaintiff is entitled to compensatory damages, including but not limited to any mental anguish that she has or may suffer as a result of the wrongful discharge. *Smith v. Atlas Off-Shore Boat Service, Inc.*, 653 F.2d 1057, 1064 (5th Cir. 1981).

WHEREFORE, Plaintiff Lorraine Gee demands judgment against Defendant Bar Harbor Whale Watch Co. in a fair and reasonable amount given the above-described conduct, injuries and damages along with pre-judgment interest, post-judgment interests, and costs.

## **Jury Trial Demand**

Plaintiff demands trial by jury of all counts of this Complaint. 46 U.S.C. § 30104.

Dated at Portland, Maine this 19th day of September, 2024.

/s/ Stephen W. Koerting
Stephen W. Koerting, MBN 5820
skoerting@krz.com
Attorney for Plaintiff Lorraine Gee
KELLY, REMMEL & ZIMMERMAN
53 Exchange Street
Portland, Maine 04101
(207) 775-1020